[Civ. No. 8286. Second Appellate District, Division One.—July 14, 1933.]

FIRST NATIONAL BANK OF VENICE (a Corporation), Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and Loren A. Butts, Deputy City Attorney, for Appellant.

George W. Crouch and Roscoe R. Hess for Respondent.

CONREY, P. J.—In this action the plaintiff obtained judgment against the City of Venice for balance due on a contract for a municipal improvement constructed for the city by plaintiff's assignor. The judgment was entered October 28, 1925. Thereafter, in accordance with the provisions of law governing such matters, the City of Venice was consolidated with the City of Los Angeles. On December 1, 1931, the court made and entered its order granting a motion of the plaintiff for the substitution of the City of Los Angeles as defendant instead of the City of Venice; and further provided that the judgment be enforced and carried into execution against said substituted defendant and said judgment revived; and the clerk was directed to issue a writ of execution on the judgment as so revived. From this order the defendant appealed.

Briefs having been filed on behalf of appellant and on behalf of respondent, now comes respondent and presents this motion asking that the appeal be dismissed or in the alternative that the order be affirmed upon the ground that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument, and upon the further ground that the appeal was taken for delay only. In other words, the motion is presented under Rule V, section 3.

■ The brief for appellant contains no assignment of error or statement of points relied upon by appellant, except that under the general heading, "Argument", it is contended that a municipality may not legally pay a claim or indebtedness which was voluntarily incurred in one fiscal year out of the income and revenue of any subsequent year, except in the manner provided in section 18 of article XI of the state Constitution. For this reason it is contended that any order of the court directing the county clerk to issue execution against the City of Los Angeles for the purpose of levying upon and selling property held by the City of Los Angeles in its proprietary capacity for the purpose of satisfying said judgment is clearly erroneous. It seems clear, however, that the rule of law thus relied upon by appellant is not applicable to this appeal. ■ If execution issues on the judgment,

the right of levy thereunder will be limited to property which is liable to execution. If the levy shall be made on property exempt by law, appellant will have available the legal remedies for its protection.

The motion is granted and the judgment is affirmed.

Houser, J., and York, J., concurred.